# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Parnell Colvin,<br><br>                    Plaintiff,<br><br>     v.<br><br>Page Ranch Court Trust, et al.,<br><br>                    Defendants. | Case No. 2:25-cv-01197-RFB-BNW<br><br>**SCREENING ORDER AND<br>REPORT AND RECOMMENDATION** |

Pro se plaintiff Parnell Colvin initiated this lawsuit by filing an application to proceed *in forma pauperis* and a complaint. ECF Nos. 1, 1-1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the court will grant his request to proceed *in forma pauperis*. The court now screens his complaint.

## I.     ANALYSIS

### A.  Screening standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B. Screening the complaint

Plaintiff alleges defendants (creditors) have violated the automatic stay issued by the bankruptcy court and have been harassing him for payment. In turn he seeks damages for this violation under 11 U.S.C. § 362.

The Ninth Circuit explained that a plaintiff's claims for violation of the automatic stay are entirely preempted by the Bankruptcy Code and that such claims must be brought in the bankruptcy court. *MSR Expl., Ltd. v. Meridian Oil, Inc*., 74 F.3d 910, 916 (9th Cir. 1996).6). As a result, this claim must be brought in the bankruptcy court, and not as a separate action in the district court.

## II.  CONCLUSION

**IT IS THEREFORE ORDERED** that plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that the clerk of court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER RECOMMENDED** that Plaintiff's complaint is dismissed without leave to amend in this court and with leave to amend in bankruptcy court.

**IT IS FURTHER ORDERED** that his Motion for Appointment of Counsel (ECF No. 2) and Motion to File Electronically (ECF No. 3) are **DENIED** as moot.

### III.   NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 9, 2025

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE